UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTHONY SALVADOR JASPER, | ) | CASE NO. 3:09 CV 1307 |
| CHARISE MERTINA PASHALL | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| BOWLING GREEN | ) | |
| STATE UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiffs Anthony Salvador Jasper and Charise Mertina Pashall filed the above-captioned action characterized as an "Original 202 Petition" and invoked diversity of citizenship as the basis for federal jurisdiction.

It is not clear who the plaintiffs intend to name as defendants. The case caption indicates the action is brought against Bowling Green State University ("BGSU") and Anthony C. Horne. Thereafter, the plaintiffs address the pleading "to:" BGSU President Carrol A. Cartwright, BGSU Board of the Trustees J. Robert Sebo, John F. Harbal, II, Linda Dobb, and Dr. Patrick Pauken, the BGSU Center for Multicultural and Academic Initiatives, Mannuel Pomels, Jr., BGSU Office of the Provost Bettina Shuford, BGSU Center for Multicultural and Academic Initiatives

Juan Enriquez, BGSU Department of Telecommunications Sug-Yeon Park, Victoria Denise Ampiaw, BGSU Ethnic Studies Department, Cassandra Jones, BGSU Political Science Department David J. Jackson, BGSU Political Science Department Candace C. Archer, University of Wisconsin-Milwaukee Peck School of the Arts Anthony C. Horne, BGSU Office of the Interim Provost and Vice President for Academic Affairs Mark Gromko, BGSU Department of Biological Sciences Eileen M. Underwood, the Ohio Attorney General's Office, Richard Cordray, the Ohio Governor's Office, Ted Strickland, the Ohio Secretary of State Jennifer Brunner and "U.S. Courthouse 113 James M. Ashley and Thomas W.L. Ashley and the "Honorable Judge of Said Court." (Compl. at 1-3.) In the next section of the pleading marked as "Parties," the plaintiffs identify the defendants as "Bowling Green State University, BGSU Board of Trustees/Directors and *acting* Professor's and Personell [sic] to include the President of such Institution Carrol A. Cartwright... ." (Compl. at 4.) The plaintiffs then include a list of individuals identified as representatives of the State of Ohio upon whom they would like to have the complaint served. There is only one summons which is addressed to "Bowling Green State University, et al., Anthony C. Horne." The Application to Proceed In Forma Pauperis, which is confusingly titled, "State Tort Claims Act 28 U.S.C. §1331, 1332, 1341, 1343(a), 1988(b), 42 U.S.C. § 1981, 1983, 1985" lists all of the "parties in interest" in the case caption, as well as Francis Vol who did not appear on any other list. (Mot. at 1.) The court liberally construes the pleading to include all mentioned parties as defendants. Plaintiffs' Application to Proceed In Forma Pauperis is granted.

## Background

Plaintiff Anthony Jasper describes himself as a "non-enrolled student at the Bowling Green State University in Bowling Green Ohio and...a resident abroad currently homeless and in

transition between Essex County, New Jersey [and] Kings County, Brooklyn, New York." (Compl. at 4.) Ms. Paschall states she "is homeless, a native born in Newark, New Jersey and a resident abroad within the United States." (Compl. at 4.) The plaintiffs list 2 mailing addresses, one in Newark, New Jersey and the other in Brooklyn, New York. Both of these addresses belong to United States Post Offices.

Mr. Jasper states he transferred to BGSU from San Antonio College in 2004. He claims his cumulative grade point average from that community college was 3.4 when he began his studies at BGSU, but states BGSU did not consider those grades when calculating his total grade point average. Mr. Jasper does not indicate how long he attended classes at BGSU, but indicates he withdrew from or failed to complete his classes one semester, at the recommendation of the BGSU counseling department.

Some time thereafter, Mr. Jasper returned to BGSU and attempted to finish the classes he did not complete. He does not indicate how long he was away from his studies before he attempted to finish the work from his last semester at school. He states that when he returned, two of his four professors were not available and did not leave exams with the department chairperson. He claims that some of his instructors agreed to submit "extensions of time worksheets," but either did not submit them, or submitted them after the date upon which the University made an adverse decision with respect to Mr. Jasper's poor academic performance.[1] Mr. Jasper contends he has no control over the professors and should not be held accountable for their failure to submit timely extension requests.

Ms. Paschall claims she was "harassed and groped by persons on campus." (Compl.

---

[1] Mr. Jasper does not explain the adverse decision that was taken against him.

at 10.) She provides no other information on this claim.

The plaintiffs indicate they are bringing claims under 42 U.S.C. §§ 1981, 1983, and 1985. They claim they are entitled to property damages for the loss of two vehicles, a 1991 Nissan Sentra, and a 1984 Jaguar XJ-6, and damage to a 1997 Mercedes Benz S320, all of the debts and expenses associated with litigation, loss of earnings, medical expenses which may be incurred in the future, and the loss of Mr. Jasper's scholarship.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

42 U.S.C. § 1981

The plaintiffs fail to state a cause of action upon which relief may be granted under 42 U.S.C. §1981. To establish a claim under §1981, plaintiffs must allege they are members of a racial minority, the defendants intended to discriminate against them on the basis of their race, and

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

the discrimination concerned one or more of the activities enumerated in the statute. Johnson v. Harrell, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998). The complaint gives no indication either plaintiff is a member of a racial minority or that any of the defendants took action against them because of their race.

## 42 U.S.C. § 1983

Similarly, the plaintiffs have not set forth a cause of action under § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). The plaintiffs do not identify any particular constitutional right they believe to have been violated by the defendants. They provide a very short disjointed narrative of facts and then conclude that they are entitled to damages, which at points appear wholly unrelated to the allegations in the pleading.

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at

5

1278. Moreover, plaintiffs' failure to identify a particular legal theory in their complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiffs may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiffs intend to base their § 1983 action.

## 42 U.S.C. § 1985

Plaintiffs' claim under 42 U.S.C. § 1985 must also be dismissed. To establish a violation of § 1985, plaintiffs must allege that the defendants conspired together for the purpose of depriving the plaintiffs of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiffs do not allege facts to suggest that any of the defendants conspired together to deprive them of equal protection of the law or that their actions were in any way motivated by their respective races.

## State Law Claims

Finally, although the plaintiffs allege they are invoking federal court jurisdiction by virtue of diversity of citizenship, they have not set forth facts to suggest they meet the criteria for diversity jurisdiction, nor do they state a claim which entitles them to relief. As an initial matter, plaintiffs both claim to be "residents abroad" who are currently homeless with addresses both in New York and New Jersey. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir.1983). Domicile requires (1) presence in a purported state, and (2) the intention to remain in that state indefinitely.

Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir.1992). Courts look to numerous factors to determine domicile, such as where an individual files state taxes, registers to vote, and lists his or her permanent address. Id. at 1215-16. General allegations of residence, such as listing a post office box, however, are insufficient to establish citizenship.  Martinez v. Martinez, 62 Fed. Appx. 309, 313-14 (10th Cir.2003)(unreported).

Furthermore, it does not appear that this case meets the jurisdictional amount in controversy requirement.  In a federal diversity action, the amount in controversy alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. See Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir.1990). Plaintiffs claim damages in the amount of $1,500,000.00.  Although their allegations center on Mr. Japser's inability to finish his degree at BGSU, they seek damages for property loss to a Nissan Sentra XE, a Jaguar XJ-6, and a Mercedes Benz S320, "investigative expenses" of $ 45,000.00, future medical expenses, "physical pain and suffering in the past 40 months," possible loss of earnings in the paralegal field in the amount of $ 198,685.50, and loss of earning capacity in the future.  There are no facts in the complaint to suggest a good faith basis for the damages requested in the pleading.

Assuming that the plaintiffs had established a domicile in another state and could reasonably state damages in excess of $75,000.00, they have not asserted a state or federal law claim upon which relief may be granted.  They do not identify a cause of action or legal theory arising under the laws of New York, New Jersey, or the United States which would entitle them to damages. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 129 S.Ct.

1937, 1949 (2009). There is nothing in the complaint which reasonably identifies a legal claim or a cause of action upon which the plaintiff can proceed.

## Conclusion

Accordingly, plaintiffs' Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.